UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| State of South Carolina Department of Public Safety; and Highway Patrol Officer J.J. Perry, (Badge #817, Rank #CP1), <br><br> Plaintiff, <br><br> vs. <br><br> Christopher Rudisill, <br><br> Defendants. | ) C/A No. 0:05-814-CMC-JRM <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

The above-captioned case was removed to the United States District Court for the District of South Carolina by the *pro se* defendant from state traffic court. The defendant contends that this court has both "federal question" jurisdiction over this matter, as well as "diversity" jurisdiction over this matter. The defendant received a ticket for failure to produce a valid driver's license when asked to do so by a Highway Patrolman. The pertinent portion of the complaint reads:

> Highway Patrol Officer J.J. Perry ...detained the petitioner (the defendant in this case) on the scene of the traffic stop. Highway Patrol Officer J.J. Perry then asked the petitioner for his Driver's License. The petitioner then responded...by stating that he was traveling in his constitutional capacity as a free sovereign man asserting his constitutional right to travel, then handed ...Officer...Perry corresponding documentation to substantiate his claim....Officer...Perry...stated that, "In the State of South Carolina the petitioner had to have a Driver's License to operate a motor vehicle". The petitioner responded by stating that he was not operating a "Motor Vehicle", but traveling in his personal private automobile, and then informed...Officer...Perry of numerous United States Supreme Court Laws upholding all natural man/woman's right to travel....Officer...Perry then stated, "Well, it doesn't matter, you still have to have a License to Drive a Motor Vehicle n the State of South Carolina". The petitioner then stated that he was not Driving in the State of South Carolina, but traveling in the Republic South Carolina State, and in which term "Driving" is a commercial term

1

> that only applies to commercial vehicles that utilize public highways for commercial purposes.... (parenthetical added and all caps removed).

*See* Complaint @ 2.

The defendant was subsequently arrested and his vehicle was towed. Defendant in this removal contends that Officer Perry converted "a right into a crime", and converted his personal property (the automobile and it's contents). The defendant's bond for the ticket was set at $232.50. The defendant has paid the $250.00 filing fee for removing a case to federal court. The defendant seeks damages.

## Discussion

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g.*, Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); and Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D.Va. 1990).

It is well-settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. *See* 28 U.S.C. § 1446; and Heniford v. American Motors Sales Corporation, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980)[Table]. The ticket received by the defendant shows that he was to appear in Court on March

21, 2005. This matter was received by the federal court on March 16, 2005, five (5) days before the Court date.

Applicable case law and statutory law, including 28 U.S.C, § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See* Buchner v. Federal Deposit Insurance Corp., 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); and Page v. Wright, 116 F.2d 449, 451-455 (7th Cir. 1940), *cert. dismissed* [on motion of counsel for the petitioner], 312 U.S. 710 (1941). *Cf.* Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 & n. 15 (1981)(jurisdictional ruling cannot be made prospective only). As a result, this case must be remanded to the State Magistrate's Court in York County. *See* Williams v. AC Spark Plugs Division of General Motors Corporation, 985 F.2d 783, 786 (5th Cir. 1993), and 28 U.S.C. § 1447(c).

A federal court is not bound by the parties' characterization of a case or its appropriate parties. A district court must first look at the plaintiff's complaint filed in a state court to determine if "federal question" jurisdiction is present. Lyon v. Centimark Corporation, 805 F. Supp. 333, 334 (E.D.N.C. 1992).

A traffic ticket does not implicate federal question jurisdiction. Traffic violations are a matter of state law. The defendant alleges that diversity exists. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

3

>     (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 & nn. 13-16 (1978). The defendant maintains he is "domiciled in the North Carolina Republic", however, the $232.50 fine does not meet the jurisdictional limit.

More importantly, however, is the fact that the defendant has been charged with a misdemeanor. Consequently, he must appear in traffic court and raise his defenses, if any, in that court. He may subsequently appeal the denial of any relief he seeks to a higher court. He cannot sidestep this process by filing a constitutional challenge in federal court. This is because federal district courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. 366, 370 & n. 8 (1873);[*] Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth

---

[*]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

4

Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In addition, it should be noted that a judgment in favor of the defendant in this matter could imply the invalidity of pending matters in the state magistrate court. If the defendant successfully demonstrated that he had been denied a constitutional right, any conviction which flowed from that denial would be invalidated. Daniel v. Ruph, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994).

The law in this Circuit is unclear whether an order or a Report and Recommendation should be entered in this case, *see* Long v. Lockheed Missiles & Space Co., 783 F. Supp. 249 (D.S.C. 1992). In First Union Mortgage Corporation v. Smith, 229 F.3d 992 (10th Cir. 2000), however, the Court of Appeals for the Tenth Circuit held that a remand order is a dispositive action that must be made by a district court to survive Article III scrutiny. Accordingly, for the foregoing reasons, it is *recommended* that this matter be remanded to the Magistrate's Court for the County of York.

Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall not immediately certify this matter to the Magistrate's Court for the County of York. If both parties in the above-captioned case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any

objections to a United States District Judge for a final disposition. The parties' attention is directed to the important notice on the next page.

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

April 14, 2005
Columbia, South Carolina

<u>**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**</u>
**&**
<u>**The Serious Consequences of a Failure to Do So**</u>

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
